**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CR-19-349-F |
| | ) | |
| JULIO RAPHAEL HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING JOINT MOTION FOR**
**CONTINUANCE OF JURY TRIAL**

This matter came before the Court on the joint motion of defendant Julio Raphael Hernanez through counsel and Assistant United States Attorney Matthew P. Anderson requesting a continuance of the jury trial.  Upon consideration of the motion and supporting brief, the Court finds the ends of justice are served granting the requested continuance of the jury trial and that such action outweighs the best interests of the public and the defendant in a speedy trial.  In so holding, the Court expressly finds:

Failure to grant the relief requested would be likely to result in a miscarriage of justice and would be likely to make continuation of the proceedings impossible, in light of the need for the defense counsel to review and investigate additional recently produced discovery, the need to request and produce additional evidence related to two new state cases filed in Oklahoma County and the need to meet and advise  Mr. Hernandez on these issues.  Both the defendant and the government need additional time to research legal issues related to potential statutory and guideline enhancements, research and respond to other issues related to duel prosecution with the State of Oklahoma on ten pending state cases, to prepare for trial and to negotiate

a plea agreement in this dual prosecution.  The Court finds the period of delay caused by the granting of the motion to continue on this ground is excludable for purposes of the Speedy Trial Act.  18 U.S.C. §3161(h)(7)(B)(iv).  Concerning the parties' efforts to resolve this matter without a trial and to negotiate a plea agreement, the Court finds the denial of this motion would unreasonably deny defendant and the government reasonable time necessary for effective preparation, taking into account the exercise of due diligence by counsel.  Effective preparation in a criminal case includes time necessary to reach a plea agreement acceptable to the Court and each of the parties.  Negotiating a plea agreement is a legitimate part of criminal proceedings, as recognized by the Speedy Trial Act, 18 U.S.C. §3161(h)(2).  The Court sees no reason to deny the parties additional time to seek a pretrial resolution of the matter as long as the parties exhibit "due diligence" in their efforts to reach an agreement. The Court finds the period of delay caused by the granting of the motion to continue on this ground is excludable for purposes of the Speedy Trial Act.  18 U.S.C. §3161(h)(7)(B)(iv).

Accordingly, the motion is granted.  The jury trial is continued to the May 12, 2020 jury trial docket.

It is so ordered this 28th day of February, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0349p003.PO.docx